CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 26, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT B. TRENT,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:25CV00729 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SYLVIA MILLER,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Robert B. Trent, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Trent challenges his 2019 convictions in the Lynchburg Circuit Court for indecent liberties with a minor and proposing sex by electronic communications. I find that the petition must be dismissed under 28 U.S.C. § 2244(b).

According to Trent's petition and online court records, Trent has filed prior unsuccessful state and federal habeas petitions regarding his underlying conviction. In the present petition, Trent raises claims related to ineffective assistance of counsel. However, I cannot consider the merits of Trent's claims under the circumstances.

A federal district court may only consider a second or successive § 2254 petition if the petitioner obtains an order from the appropriate circuit court authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Trent has previously filed a § 2254 petition in this court concerning the same convictions and sentence. *Trent v. Cabell*, No. 7:22CV00224 (W.D. Va. Sept. 18, 2023) (dismissing § 2254 petition for procedural default).[1] There is no evidence that Trent has obtained a certification from the Fourth Circuit Court of Appeals to file a second § 2254 petition. Therefore, I must dismiss Trent's petition without prejudice.

A separate Judgment will be entered herewith.

ENTER: January 26, 2026

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] *See Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (providing that "dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive"), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011).